IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA M. JONES,                          )
                                        )
              Plaintiff,                )
                                        )
        vs.                             )    Civil Action No. 11-654
                                        )
MICHAEL J. ASTRUE,                      )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
              Defendant.                )

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

   Plaintiff raises several arguments as to why she believes the Administrative Law Judge ("ALJ") erred in finding her to be not disabled. However, her contentions have no merit, and the Court finds that substantial evidence supports the ALJ's decision.

   Plaintiff argues that the ALJ erred in failing to give controlling weight to the December 9, 2009 opinion of Dr. Robert Davoli, one of her treating physicians, who found that she had disabling limitations. (R. 409-11). As Plaintiff correctly asserts, when assessing a claimant's application for benefits, the opinion of the claimant's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. Nonetheless, contrary to Plaintiff's argument that the ALJ failed to explain adequately what contradictory medical evidence supported his decision to afford only minimal weight to Dr. Davoli's December 9 opinion, the ALJ did, in fact, rely on contradictory medical evidence and adequately explained his rationale for doing so. First and foremost, the ALJ pointed out that Dr. Davoli himself, on October 21, 2008, had opined that Plaintiff was employable with medications. (R. 336-37). Dr. Davoli did not explain any basis for changing his opinion just over a year later, and the record does not demonstrate any significant change in Plaintiff's condition over that time. Moreover, the ALJ explained that Dr. Davoli's opinion was contradicted by his own objective findings, which did not support the limitations to which he opined on December 9 in response to Plaintiff's counsel's interrogatories; the opinion of the state agency adjudicator that Plaintiff was not so limited; the findings of the other medical professionals

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:  Counsel of record

---

with whom Plaintiff treated, which were minimal; Plaintiff's very conservative course of treatment, which belied her alleged disabling conditions; and her daily activities, which were significant. Substantial evidence, therefore, supports the weight given to Dr. Davoli's opinion by the ALJ.

Plaintiff's remaining arguments fare no better. Contrary to Plaintiff's contentions, the ALJ properly considered all of the relevant factors, including medical evidence, in evaluating her statements regarding the intensity, persistence, and limiting effects of her symptoms. Plaintiff is incorrect that the ALJ could not rely on her daily activities in making this determination; in considering Plaintiff's subjective claims of limitations and complaints of pain, Plaintiff's daily activities were one factor the ALJ could consider. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); S.S.R. 96-7p, 1996 WL 374186 (S.S.A.) (July 2, 1996); Seaman v. Soc. Sec. Admin., 321 Fed. Appx. 134, 135 (3d Cir. 2009). Here, as in Seaman, the ALJ relied not only on Plaintiff's daily activities, but also, as discussed above, contrary medical evidence in evaluating the credibility of Plaintiff's claims. Moreover, while Plaintiff is correct that "sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity," Fargnoli, 247 F.3d at 40 n.5, the activities upon which the ALJ relied were not sporadic or transitory.

Accordingly, substantial evidence supports the finding that Plaintiff is not disabled.

3